**In the United States District Court for the Southern District of Georgia Savannah Division**

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 11:14 am, Jul 13, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 417-115 |
| DARRYL WASHINGTON, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Darryl Washington's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 34. For the reasons below, Washington's motion is **DISMISSED**.

### BACKGROUND

In March 2018, under a written plea agreement, Washington pleaded guilty to being a felon in possession of a firearm (armed career criminal), in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Dkt. Nos. 28, 29. In August 2018, the Court sentenced Washington to 180 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 33. According to the BOP website, Washington is currently incarcerated at USP Hazelton, located in Bruceton Mills, West Virginia, with a projected release date of March 29, 2030.

Now Washington moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 34. Washington's motion

is primarily based on the COVID-19 pandemic and his concern for his health. Washington, however, has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Washington does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 34.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Washington has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Washington's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing

2

his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Washington's motion for compassionate release, dkt. no. 34, is **DISMISSED**.

**SO ORDERED**, this 13 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA