UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DARRYL WASHINGTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR417-115 |
| | ) | CV424-064 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Darryl Washington pleaded guilty to one count of possession of a firearm by a convicted felon. Doc. 33 (Judgment).[1] He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in December 2020. Doc. 47. Judgment was entered denying the motion in August 2022. Doc. 53. He has now filed another § 2255 motion, challenging the constitutionality of 18 U.S.C. § 922. Doc. 57. Because his motion is successive and he has not secured the necessary permission from the Court of Appeals, this Court lacks jurisdiction to consider it.

---

[1] The Court cites to the docket in the criminal case, CR417-115, unless otherwise noted.

1

"Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . ."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (explaining that a dismissal without prejudice for being an unauthorized, successive motion is not judgment on the merits for the purpose of determining that a later petition is successive). Washington's previous § 2255 Motion was denied as untimely, doc. 52 *adopted by* doc. 53, which Courts have recognized is a judgment on the merits. *See Griham v. United States*, 389 F. Supp. 3d 986, 991 (N.D. Ala. 2019) (collecting cases).

Since Washington's motion is successive, and was not authorized by the Court of Appeals, it should be **DISMISSED**.[2] Doc. 57. Civil action CV424-064 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a

---

[2] The Eleventh Circuit has recognized the theoretical possibility that, when a second or successive habeas petition is filed in a district court, a transfer to the Court of Appeals pursuant to 28 U.S.C. § 1631 might be appropriate. *See generally Griham v. United States*, 842 F. App'x 425 (11th Cir. 2021). In *Griham*, the Court of Appeals concluded "[b]ecause [Movant] cannot make a prima facie showing that he is entitled to relief . . . , a § 1631 transfer of his second or successive motion to this Court would be futile and thus not in the interest of justice." *Id.* at 429. Washington's Motion contends that his conviction should be vacated because "§ 922(g)(1) violates his second amendment and does not pass the Bruen muster[sic] . . . ." Doc. 57 at 1 (citing *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). However, the Eleventh Circuit has held that "felons as a class of persons [are] not qualified to possess a handgun under the Second Amendment," and "*Bruen* did not overrule or abrogate," that precedent. *See United States v. Coleman*, 2024 WL 1156270, at *4 (11th Cir. Mar. 18, 2024) (citing *United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010)). Given that Eleventh Circuit "precedent forecloses [the] argument that section 922(g)(1) violates the Second Amendment," *Dubois*, 94 F.4th at 1291, Washington "cannot make a prima facie showing that he is entitled to relief . . . , [so] a § 1631 transfer of his second or successive motion to [the Court of Appeals] would be futile and thus not in the interest of justice," *Griham*, 842 F. App'x at 429.

certificate of appealability when it enters a final order adverse to the applicant.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 5th day of April, 2024.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA